**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

PLYMOUTH-CANTON
COMMUNITY SCHOOLS

Plaintiff,

-v-

REBECCA ARNOLD, DORENE PHILPOT, and CATHERINE MICHAEL

Defendants.

Case No. _____________

Hon. _______________

Robert A. Dietzel (P67567)
Jennifer K. Starlin (P74093)
Cathleen M. Dooley (P86148)
Thrun Law Firm, P.C.
Attorneys for Plaintiff
2900 West Road, P.O. Box 2575
East Lansing, Michigan 48826
(517) 484-8000
rdietzel@thrunlaw.com
jstarlin@thrunlaw.com
cdooley@thrunlaw.com

**COMPLAINT FOR ATTORNEYS' FEES AND OTHER VIOLATIONS**

THRUN LAW FIRM, P.C.

Plymouth-Canton Community Schools, through its undersigned counsel, respectfully states as follows:

## PARTIES

1. Plaintiff Plymouth-Canton Community Schools ("Plymouth-Canton CS") is a general powers school district organized and operating under the laws of the State of Michigan. Plymouth-Canton CS's principal offices are located at 454 South Harvey Street, Plymouth, Wayne County, Michigan 48170.

2. Defendant Rebecca Arnold is a resident of Plymouth, Wayne County, Michigan and is the parent of minor E.K.

3. Defendant Arnold initiated legal proceedings pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq*., against Plymouth-Canton CS in *In the matter of R.A. o/b/o E.K v. Plymouth-Canton Community Schools* (Michigan Office of Administrative Hearings and Rules, Docket No. 26-006383, Case No. DP-26-0033).

4. Defendant Dorene Philpot is an attorney licensed and practicing law in Michigan. Her law office is located at 1971 E. Beltline Avenue NE, Suite 106, #403, Grand Rapids, Michigan, 49525.

5. At all material times, Defendant Philpot acted as legal counsel for Defendant Arnold in *In the matter of R.A. o/b/o E.K v. Plymouth-Canton Community Schools*

THRUN LAW FIRM, P.C.

(Michigan Office of Administrative Hearings and Rules, Docket No. 26-006383, Case No. DP-26-0033).

6. Defendant Catherine Michael is an attorney licensed and practicing law in Michigan. Her law office is located at 550 Congressional Boulevard, Suite 350-11, Carmel, Indiana, 46032.

7. At all material times, Defendant Michael acted as legal counsel for Defendant Arnold in *In the Matter of R.A. o/b/o E.K v. Plymouth-Canton Community Schools* (Michigan Office of Administrative Hearings and Rules, Docket No. 26-006383, Case No. DP-26-0033).

THRUN LAW FIRM, P.C.

## JURISDICTION AND VENUE

8. This action is brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(B) and 34 C.F.R § 300.517(a), for recovery of attorneys' fees and pursuant to the laws of the state of Michigan for breach of the contract entered into by and between Defendant Arnold and Plymouth-Canton CS on December 6, 2024.

9. This Court has original jurisdiction over Plymouth-Canton CS's IDEA claim under 28 U.S.C. § 1331, which grants district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

10. This Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367(a) because the breach-of-contract claim forms part of the same case or controversy as the IDEA claim. The state law claim does not raise any novel or complex issue of state law, nor does it substantially predominate over the federal claim.

11. This Court has personal jurisdiction over Defendant Philpot because she is engaged in continuous and systematic business in the State of Michigan.

12. This Court has personal jurisdiction over Defendant Michael because she purposefully avails herself of the opportunity to practice law in Michigan, the cause of action arose from her activities in Michigan, and she is licensed and practicing law in Michigan.

13. The events giving rise to this lawsuit occurred in Plymouth, Michigan, which is located in the United States District Court for the Eastern District of Muchigan.

14. Venue is proper in the United States District Court for the Eastern District of Muchigan pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which the events giving rise to this complaint occurred.



THRUN LAW FIRM, P.C.

THRUN LAW FIRM, P.C.

## FACTUAL ALLEGATIONS

15. On August 16, 2023, Defendant Arnold filed a special education due process complaint ("2023 due process complaint") against Plymouth-Canton CS. Defendant Arnold prevailed, in part, in that case.

16. On March 8, 2024, Defendant Arnold filed a federal lawsuit, *B.K.A. o/b/o E.K. v. Plymouth-Canton Community Schools*, Case No. 24-10590 (E.D. Mich 2024), against Plymouth-Canton CS for attorneys' fees related to the 2023 due process complaint.

17. The parties attended mediation on June 7, 2024. They reached agreement on certain terms but did not sign a settlement agreement at that time.

18. On July 8, 2024, Defendant Arnold, through her attorneys Defendants Philpot and Michael, filed a motion to enforce the terms they alleged had been agreed upon during the June 7, 2024 mediation.

19. On December 6, 2024, Defendant Arnold and Plymouth-Canton CS participated in a settlement conference in Case No. 24-10590, which was successful.

20. On December 6, 2024, Defendant Arnold signed a global settlement agreement ("release and settlement agreement") resolving her claims against Plymouth-Canton CS as to two lawsuits: Case No. 24-10590 and *Arnold v Plymouth-Canton Community Schools*, Case No. 24-007450-CZ (Wayne County Circuit Court).

21. The Eastern District of Michigan retained juriCSiction over Case No. 24-10590 after the release and settlement agreement was signed on December 6, 2024 for the limited purpose of determining the fee amount owed to Defendant Arnold for litigation after June 7, 2024.

22. On June 6, 2025, Defendant Arnold filed a Motion for Attorney Fees and Costs against Plymouth-Canton CS in Case No. 24-10590.

23. On February 26, 2026, Case No. 24-10590 concluded with an Order requiring Plymouth-Canton CS to pay $71,068.65 in attorneys' fees.

24. The December 6, 2024 release and settlement agreement included a waiver and release provision that released and forever discharged Plymouth-Canton CS from any and all claims, made or that could have been made through June 7, 2024, including but not limited to IDEA and Section 504 of the Rehabilitation Act claims.

25. Defendants Philpot and Michael served as legal counsel for Arnold in the lawsuits identified in Paragraph 20 of this Complaint and during the negotiation of the December 6, 2024 release and settlement agreement.

26. The December 6, 2024 release and settlement agreement stated that Defendant Arnold had an opportunity to be represented by counsel of her choosing during negotiation of the settlement agreement.

THRUN LAW FIRM, P.C.

27.On December 13, 2024, pursuant to the release and settlement agreement, Defendant Arnold withdrew E.K. from Plymouth-Canton CS, thus ending Plymouth-Canton CS's special education obligations to E.K. and the possibility of IDEA claims accruing after that date. The release and settlement agreement provided that E.K. would use funds paid by Plymouth-Canton SD for purposes of securing future educational programming for E.K. after December 13, 2024.

28. As consideration for the waiver and withdrawal provisions in the release and settlement agreement, Plymouth-Canton CS paid Defendant Arnold $350,000.

29.On March 3, 2026, Defendant Arnold, represented by Defendants Philpot and Michael, filed another special education due process complaint captioned *R.A. o/b/o E.K. v Plymouth-Canton Community Schools* (Michigan Office of Administrative Hearings and Rules, Docket No. 26-006383, Case No. DP-26-0033) ("2026 due process complaint") against Plymouth-Canton CS alleging violations of the IDEA, the Michigan Administrative Rules for Special Education, Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act.

30.The 2026 due process complaint was assigned to Administrative Law Judge ("ALJ") Paul Smith.



THRUN LAW FIRM, P.C.

31. On March 16, 2026, ALJ Smith conducted a prehearing conference for the purpose of identifying and clarifying the issues to be adjudicated in the 2026 due process complaint. The issues identified for hearing were:

a. Did Respondent fail to provide a free appropriate public education (FAPE) to Student from June 8, 2024, to December 13, 2024, by failing to provide an updated or appropriate Individualized Education Program (IEP) during that time period and by failing to offer appropriate services for the student's needs during the period (including while Student was in a residential treatment facility and/or at home)?

b. Did Respondent violate the IDEA, resulting in a denial of a FAPE to Student, by failing to conduct a comprehensive reevaluation during the period of June 8, 2024, to December 13, 2024, based on the information that was available to Respondent during that period?

c. Did Respondent violate the procedural requirements of the IDEA by failing to forward requested educational records during the period of June 8, 2024, to December 13, 2024, despite parental requests?

d. Did Respondent violate the procedural requirements of the IDEA by omitting Petitioner R.A. from communications about Student during the period of June 8, 2024, to December 13, 2024?



THRUN LAW FIRM, P.C.

e. Did Respondent violate the procedural requirements of the IDEA by failing to provide required prior written notices (PWNs) during the period of June 8, 2024, to December 13, 2024?

32. ALJ Smith dismissed the Section 504 and ADA Title II claims for lack of jurisdiction.

33. Plymouth-Canton CS and Defendant Arnold presented their cases during a five-day administrative hearing held on April 28-29, 2026 and May 5-7, 2026. ALJ Smith presided over the hearing.

34. During the 2026 due process hearing, Plymouth-Canton CS offered 35 exhibits, all of which were admitted. Defendant Arnold offered 47 exhibits, 43 of which were admitted.

35. Plymouth-Canton CS's exhibit HH was the December 6, 2024 release and settlement agreement, which was admitted over Defendant Philpot's and Defendant Michael's strong objection.

36. Despite that her complaint was limited to acts and omissions after June 7, 2024 and knowing that she had waived all claims prior to that date, Defendant Arnold, through her attorneys Defendants Philpot and Michael, relied during the hearing and in their subsequent briefing almost exclusively on facts and legal arguments related to alleged acts and omissions that occurred on or before June 7, 2024 or after December



THRUN LAW FIRM, P.C.

13, 2024. Plymouth-Canton CS, through legal counsel, objected that such reliance violated the Parties' settlement agreement and that issues predating June 7, 2024 or post-dating December 13, 2024 were not issues identified for hearing during the March 16, 2026 prehearing conference call.

37.During the hearing, Defendant Arnold, through her attorneys Defendants Philpot and Michael, presented no evidence to support her claims that Plymouth-Canton CS violated the procedural requirements of the IDEA by failing to forward requested educational records during the period of June 8, 2024 to December 13, 2024 or by omitting Defendant Arnold from communications about Student during the period of June 8, 2024 to December 13, 2024. Nor did Defendants Arnold, Philpot, or Michael identify a legal basis for such claims. Plymouth-Canton School District notified Defendants Philpot and Michael that the claims were baseless. Nevertheless, all Defendants continued to litigate those issues through the post-hearing brief phase.

38.ALJ Smith's June 29, 2026 Decision and Order in the 2026 due process complaint states, in relevant part:

> The scope of this proceeding is defined not only by the issues raised in the due process complaint, but also by the terms of the parties' 2024 settlement agreement. Under that agreement, Petitioner [Arnold] released Respondent [Plymouth-Canton CS] from "any and all" IDEA claims that accrued on or before June 7, 2024, which necessarily included any potential challenges to the adequacy of the Respondent's



THRUN LAW FIRM, P.C.

> evaluations or IEP development during the 2023-2024 school year. . . . Petitioner has acknowledged as much in her due process complaint, which states that "the time period for all claims in the instant action starts on June 8, 2024, going forward." Despite this acknowledgment, nearly all of Petitioner's arguments regarding the first two issues (Respondent's alleged failure to revise Student's IEP after June 8, 2024, or to request consent to reevaluate Student after June 8, 2024) are based on arguments about data that existed before June 8, 2024, and errors and/or omissions in the creation of the April and May 2024 IEP document. These claims are barred.
>
> The fact that Student's 2024 IEP documents continued to operate after June 7, 2024 does not give Petitioner license to repackage all challenges to the adequacy of the 2024 IEP documents . . .

39. ALJ Smith expressly rejected the testimony of Defendant Arnold's three expert witnesses because they relied on information and data obtained before June 7, 2024 or after December 13, 2024.

40. On June 29, 2026, ALJ Smith dismissed Defendant Arnold's 2026 due process complaint with prejudice. Plymouth-Canton CS was the prevailing party on all issues.

41. Plymouth-Canton CS incurred expenses, including but not limited to attorneys' fees and costs, to defend against the 2026 due process complaint, including to defend against claims that were waived by the Parties' previous settlement agreement and to defend against procedural claims that had no legal or factual basis.

THRUN LAW FIRM, P.C.

THRUN LAW FIRM, P.C.

**COUNT I**
**ATTORNEYS' FEES UNDER the IDEA**
**20 U.S.C. § 1415(i)(3)(B)(i)(II)**
**(Defendants Philpot and Michael)**

42. Plymouth-Canton CS realleges and incorporates by reference the allegations contained in the preceding paragraphs.

43. The IDEA includes a fee-shifting provision that allows a prevailing party school district to recover against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or who continues to litigate a cause of action after it has clearly become frivolous, unreasonable, or without foundation. 20 U.S.C. § 1415(i)(3)(B)(i).

44. The Sixth Circuit interprets the IDEA fee-shifting provision consistently with the civil rights fee-shifting provision set out in 42 U.S.C. § 1988.

45. By ALJ Smith's Decision and Order entered on June 29, 2026, Plymouth-Canton CS is the prevailing party as to *In the Matter of: R.A. o/b/o E.K. v Plymouth-Canton Community Schools*, (Michigan Office of Administrative Hearings and Rules, Docket No. 26-006383, Case No. DP-26-0033) because it prevailed on all issues adjudicated, and Defendant Arnold achieved no benefit as a result of the litigation.

46. Defendant Philpot knew that the terms of the December 6, 2024 release and settlement agreement signed by her client, Defendant Arnold, and the fact that E.K. had been withdrawn from Plymouth-Canton Community Schools on December 13,

2024, limited the period of recovery for a special education due process claim to acts or omissions occurring between June 8, 2026 and December 14, 2026.

47. Defendant Michael knew that the terms of the December 6, 2024 release and settlement agreement signed by her client, Defendant Arnold, and the fact that E.K. had been withdrawn from Plymouth-Canton Community Schools on December 13, 2024, limited the period of recovery for a special education due process claim to acts or omissions occurring between June 8, 2026 and December 14, 2026.

48. On behalf of Defendant Arnold, Defendants Philpot and Michael alleged in the 2026 due process complaint that Plymouth-Canton CS failed to provide E.K. a free appropriate public education (FAPE) between June 8, 2024 and December 13, 2024 by failing to provide an updated or appropriate Individualized Education Program ("IEP") and by failing to offer appropriate services for E.K.'s needs.

49. Defendants Philpot and Michael knew or should have known that they could not provide evidence of acts or omissions between June 8 and December 13, 2026 to prove the elements of these claims under the IDEA.

50. On behalf of Defendant Arnold, Defendants Philpot and Michael alleged in the 2026 due process complaint that Plymouth-Canton CS failed to provide E.K. a FAPE between June 8, 2024 and December 13, 2024 by failing to request consent to reevaluate E.K. after June 8, 2024.



THRUN LAW FIRM, P.C.

51.Defendants Philpot and Michael knew or should have known that they could not provide evidence of acts or omission between June 8 and December 13, 2026 to prove the elements of that claim under the IDEA.

52.On behalf of Defendant Arnold, Defendants Philpot and Michael alleged in the 2026 due process complaint that Plymouth-Canton CS violated the IDEA by failing to forward requested educational records during the period of June 8, 2024 to December 13, 2024.

53.Defendants Philpot and Michael knew or should have known that this claim was wholly unsupported, and they could not prove the elements of the claim under the IDEA.

54.On behalf of Defendant Arnold, Defendants Philpot and Michael alleged in the 2026 due process complaint that Plymouth-Canton CS violated the IDEA by omitting Defendant Arnold from communications about Student during the period of June 8, 2024 to December 13, 2024.

55.Defendants Philpot and Michael knew or should have known that this claim was wholly unsupported, and they could not prove the elements of the claim under the IDEA.

56.Defendants Philpot and Michael claimed and litigated four issues during the 2026 due process complaint that they knew relied entirely on evidence existing before

June 8, 2026 or after December 13, 2026 or that they had no evidence whatsoever to support, which made those issues frivolous, unreasonable, and without foundation.

57. Having represented Defendant Arnold on matters related to E.K.'s enrollment at Plymouth-Canton CS since at least 2023, including filing the 2023 due process case and a 2024 federal lawsuit to recover fees, Defendants Philpot and Michael were or should have been thoroughly knowledgeable about and familiar with the evidence available to support Arnold's 2026 due process claim. Even if they were not, as they prepared for the 2026 due process hearing dates, they would have become aware that there was no evidence within the permissible time frame to support these four issues. By failing to dismiss these issues from the complaint upon discovering the lack of evidence, further litigation of these issues became frivolous, unreasonable, and without foundation.

58. Recognizing the futility of their claims, Philpot and Michael raised new and novel issues during the due process hearing and in their subsequent briefing that predated June 8, 2024 and that postdated December 13, 2024. Given the settlement agreement and release, litigation of these issues was frivolous, unreasonable, and without foundation.

59. Finally, Philpot and Michael, on Arnold's behalf, sought relief during the 2026 due process hearing that was expressly waived under the parties' settlement agreement



THRUN LAW FIRM, P.C.

and release. Seeking such remedies was frivolous, unreasonable, and without foundation.

60. As a result of Defendant Philpot's and Defendant Michael's frivolous, baseless, and unreasonable litigation, Plymouth-Canton SD incurred significant costs and attorneys' fees.

**COUNT II**
**ATTORNEYS' FEES UNDER the IDEA**
**20 U.S.C. § 1415(i)(3)(B)(i)(III)**
**(All Defendants)**

61. Plymouth-Canton CS realleges and incorporates by reference the allegations contained in the preceding paragraphs.

62. Defendant Arnold has a history of filing lawsuits against Plymouth-Canton CS, including:

a. *In the Matter of: B.K.A. o/b/o E.K. v Plymouth-Canton Community Schools*, (Michigan Office of Administrative Hearings and Rules, Docket No. 23-02528, Case No. DP-23-0085)

b. *In the Matter of: R.A. o/b/o E.K. v Plymouth-Canton Community Schools*, (Michigan Office of Administrative Hearings and Rules, Docket No. 26-006383, Case No. DP-26-0033)



THRUN LAW FIRM, P.C.

c. *B.K.A. o/b/o E.K. v. Plymouth-Canton Community Schools*, Case No. 24-10590 (E.D. Mich 2024) and

d. *Arnold v Plymouth-Canton Community Schools*, Case No. 24-007450-CZ (Wayne County Circuit Court, May 22, 2024).

63.Defendants Philpot and Michael provided Defendant Arnold legal representation in all these cases.

64.The December 6, 2024 settlement and release agreement resulted in Plymouth-Canton CS paying $350,000 to Defendant Arnold.

65.On February 26, 2026, Defendant Arnold prevailed in Case No. 24-10590 and Plymouth-Canton CS was ordered to pay an additional $71,068.65 in attorney's fees, which it did.

66.Having recovered substantial sums in earlier lawsuits against Plymouth-Canton CS, five days after receiving the order awarding attorneys' fees, Defendants caused the 2026 due process complaint to be filed, which they knew lacked factual and legal bases.

67.Throughout the 2026 due process hearing and in subsequent briefing, Defendant Arnold, through Defendants Philpot and Michael, continued to litigate issues that Defendant Arnold waived and released in exchange for the considerable consideration described above.

THRUN LAW FIRM, P.C.

68.Throughout the 2026 due process hearing and in subsequent briefing, Defendant Arnold, through Defendants Philpot and Michael, continued to seek remedies that were expressly waived under the settlement agreement and release.

69.After Defendant Arnold received more than $420,000 from Plymouth-Canton CS, Defendants Arnold, Philpot, and Michael filed, and continued to litigate, claims that were waived and released and continued to seek remedies that were waived and released. In doing so, Defendants Arnold, Philpot, and Michael filed, and continued to litigate, claims that were frivolous, unreasonable, and without legal foundation.

70.Defendants Arnold, Philpot, and Michael filed, and continued to litigate, procedural claims that were wholly unsupported at hearing and that had no legal or factual basis. In doing so, Defendants Arnold, Philpot, and Michael filed, and continued to litigate, claims that were frivolous, unreasonable, and without legal foundation.

71.Defendants Arnold, Philpot, and Michael continued to litigate claims in the 2026 due process complaint for the improper purpose of harassing or needlessly increasing the cost of litigation.

72.As a result of Defendants' baseless and bad-faith litigation, Plymouth-Canton CS incurred significant costs and attorneys' fees.

**COUNT III**
**BREACH OF CONTRACT**
**(Defendant Arnold)**

73. Plymouth-Canton CS realleges and incorporates by reference the allegations contained in the preceding paragraphs.

74. Under Michigan law, the elements required to establish a breach of contract claim are: 1) the existence of a contract between the parties; 2) the other party breached the contract; and 3) the breach resulted in damages to the party claiming breach. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014).

75. Defendant Arnold entered into a contract with Plymouth-Canton CS when she signed the December 6, 2024 release and settlement agreement resolving two lawsuits she had filed against Plymouth-Canton CS.

76. On December 6, 2024, Defendant Arnold had the legal capacity to enter into a contract.

77. Defendant Arnold and Plymouth-Canton CS bargained for the terms of the release and settlement agreement, which included a global release of claims through June 7, 2024 by Defendant Arnold, agreement that Defendant Arnold would withdraw E.K. from Plymouth-Canton CS no later than December 13, 2024, and payment of $350,000 by Plymouth-Canton CS.



THRUN LAW FIRM, P.C.

78. By filing, and continuing to litigate, the 2026 due process complaint that included issues she knew or should have known were barred by the release and settlement agreement, Defendant Arnold breached the contract she entered into with Plymouth-Canton CS.

79. By seeking remedies through the 2026 due process complaint that were waived and released by the release and settlement agreement, Defendant Arnold breached the contract she entered into with Plymouth-Canton CS.

80. By raising new issues during the 2026 due process complaint that clearly predated June 8, 2024 and postdated December 13, 2024, Defendant Arnold breached the contract she entered into with Plymouth-Canton CS.

81. As a result of Defendant Arnold's breach of the December 6, 2024 release and settlement agreement, Plymouth-Canton CS suffered actual harm in the form of financial expenses related to defending the improper 2026 due process claim.

**RELIEF REQUESTED**

Plaintiff, Plymouth-Canton CS specifically requests that this Court:

1. Award Plymouth-Canton CS reasonable attorneys' fees, to be paid jointly and severally by Defendants Arnold, Philpot, and Michael;
2. Order Defendant Arnold to reimburse Plymouth-Canton CS for all damages resulting from her breach of the Parties' settlement agreement; and

THRUN LAW FIRM, P.C.

3. Grant all other appropriate relief.

Respectfully submitted,

Dated: September 25, 2026

THRUN LAW FIRM, P.C.
Attorneys for Plaintiff

/s/Cathleen M. Dooley

Robert A. Dietzel (P67567)
Jennifer K. Starlin (P74093)
Cathleen M. Dooley (P86148)
2900 West Road
P.O. Box 2575
East Lansing, Michigan 48826
Telephone: (517) 484-8000

THRUN LAW FIRM, P.C.